JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 20-01246 PA (PJWx) |
| Title | Ann Brecker, et al. v. Smith & Nephew, Inc. |
| Date | February 11, 2020 |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff: None

Attorneys Present for Defendants: None

**Proceedings:** IN CHAMBERS - COURT ORDER

  The Court is in receipt of a Notice of Removal filed by defendant Smith & Nephew, Inc. ("Defendant"). (Dkt. No. 1.) The Notice alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal states "Plaintiffs are domiciled and residents of the State of California," and "[t]hus, for diversity purposes, Plaintiffs are citizens of California." (Dkt No. 1 ¶ 7.) In support of this statement, Defendant cites to Paragraph 1 of Plaintiffs' state court Complaint. (Id.) But Paragraph 1 of Plaintiffs' state court Complaint only alleges "Plaintiffs Ann Brecker and Christopher Brecker were individuals residing in the City of Redondo Beach, County of Los Angeles, State of California." (Id., Ex. A at ¶1.) Residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Thus, Defendant has not adequately alleged Plaintiffs' citizenship. Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-01246 PA (PJWx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | Ann Brecker, et al. v. Smith & Nephew, Inc. | | |

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiffs' claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV00821, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.